Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management Inc.,
d/b/a Integrated Sports Media

**UNITED STATES DISTRICT COURT**
**FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN R. INGA, individually and d/b/a TOMBO LOCO PERUVIAN RESTAURANT,<br><br>Defendant. | Case No.:<br><br>COMPLAINT |

///

///

///

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.      Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised soccer *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the

Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

## VENUE

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* the Defendant resides within the State of California (28 U.S. C. § 1391 (b) and 28 U.S.C. § 84(c)(2)).

## INTRADISTRICT ASSIGNMENT

5.     Assignment to the Western Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County and/or, the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.     Plaintiff, Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, is and at all relevant times mentioned was, a New Jersey corporation with its principal place of business located at 64 North Summit Street, Suite 218, Tenafly,

New Jersey 07060.

7. Defendant Edwin R. Inga is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Tombo Loco Peruvian Restaurant operating at 4103 Beverly Boulevard, Los Angeles, California 90004.

8. Defendant Edwin R. Inga is also specifically identified on the City of Los Angeles Listing of Active Businesses currently registered with the Office of Finance for Tombo Loco Peruvian Restaurant.

9. Plaintiff is informed and believes, and alleges thereon that on Friday, March 23, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 13), Defendant Edwin R. Inga had the right and ability to supervise the activities of Tombo Loco Peruvian Restaurant, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on Friday, March 23, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 13), Defendant Edwin R. Inga, specifically directed or permitted the employees of Tombo Loco Peruvian Restaurant to unlawfully intercept and

broadcast Plaintiff's *Program* at Tombo Loco Peruvian Restaurant, or intentionally intercepted, and/ or published the *Program* at Tombo Loco Peruvian Restaurant themselves. The actions of the employees of Tombo Loco Peruvian Restaurant are directly imputable to Defendant Edwin R. Inga by virtue of his acknowledged responsibility for the operation of Tombo Loco Peruvian Restaurant.

11. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Edwin R. Inga, resulted in increased profits for Tombo Loco Peruvian Restaurant.

**COUNT I**

**(Violation of Title 47 U.S.C. Section 605)**

12. Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-12, inclusive, as though set forth herein at length.

13. Pursuant to contract, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Peru v. Croatia, International Friendly Soccer Game,* telecast nationwide on Friday, March 23, 2018 (this included all interviews and game commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

14.     Pursuant to contract, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

15.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

16.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to the Defendant (as outlined in paragraphs 7-11 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at his

commercial establishment in Los Angeles, California located at 4103 Beverly Boulevard, Los Angeles, California 90004.

17. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

18. Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, had the distribution rights thereto).

19. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 605, *et seq.*

20. By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq*., Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 605.

21. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports

Mangament, Inc., d/b/a Integrated Sports Media, is entitled to the following from the Defendant:

(a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II);

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

22. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-21, inclusive, as though set forth herein at length.

23. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq.*

24. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq.*

25. By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 553.

26. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, is entitled to the following from the Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

(c) The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and

(d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**COUNT III**

**(Conversion)**

27. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-26, inclusive, as though set forth herein at length.

28. By the aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at his commercial establishment at the above-captioned address, the aforementioned Defendant tortuously obtained possession of the *Program* and wrongfully converted same for his own use and benefit.

29. The aforesaid acts of the Defendant were willful, malicious, egregious, and intentionally designed to harm Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendant subjected the Plaintiff to severe economic distress and great financial loss.

///

///

30. Accordingly, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, is entitled to both compensatory, as well as punitive and exemplary damages, from the aforementioned Defendant as the result of the Defendant's egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**COUNT IV**

**(Violation of California Business and Professions Code Section 17200, *et seq.*)**

31. Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-30, inclusive, as set forth herein at length.

32. By contract, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

33. Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendant, or any of them.

34.     With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to the Defendant by virtue of his position and authority, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

35.     Plaintiff is informed and believes and alleges thereon that the Defendant and/or his agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendant, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

36.     The Defendant's unauthorized interception, publication, divulgence and/or exhibition was done by the Defendant wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

///

///

37.     The aforementioned unlawful acts of the Defendant constituted unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendant violated California and Professions Code Section 17200, *et seq.*

38.     As a proximate result of the aforementioned acts attributable to the Defendant, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

39.     By reason of the Defendant's violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff Innovative Sports Mangament, Inc., d/b/a Integrated Sports Media is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendant's ill-gotten gains, as well as injunctive and declaratory relief, from the aforementioned Defendant as may be made more appropriately determined at trial.

40.     Plaintiff is entitled to its attorneys' fees from the Defendant for enforcing California Business and Professions Code Section 17200 as it meets the standards of

a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.  For statutory damages in the amount of $110,000.00 against the Defendant;

2.  For reasonable attorneys' fees as mandated by statute;

3.  For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.  For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.  For statutory damages in the amount of $60,000.00 against the Defendant;

2.  For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3.  For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.  For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.   For compensatory damages in an amount according to proof against the Defendant;

2.   For exemplary damages against the Defendant;

3.   For punitive damages against the Defendant;

4.   For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5.   For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6.   For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1.   For restitution to the Plaintiff in an amount according to and from the Defendant, for his ill-gotten gains, and;

2.   For declaratory relief, and;

3.   For prohibitory and mandatory injunctive relief, and;

4.   For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

5.   For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

6.   For such other and further relief as this Honorable Court may deem

just and proper.

Respectfully submitted,

Dated: 3/19/19

**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Mangament, Inc.,
d/b/a Integrated Sports Media

///
///
///
///
///
///
///
///
///
///
///
///
///