Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWN R. INGA, individually and d/b/a TOMBO LOCO PERUVIAN RESTAURANT,<br><br>Defendant. | Case No.: 2:19-cv-02070-TJH-PLA<br><br>PLAINTIFF'S *EX PARTE APPLICATION* TO VACATE ADR MEDIATION DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES |

TO THE HONORABLE COURT, THE DEFENDANT AND TO HIS ATTORNEYS OF RECORD:

COMES NOW the Plaintiff, Innovative Sports Management, Inc.,

d/b/a Integrated Sports Media (hereinafter "Plaintiff"), by and through counsel, and pursuant to Local Rule 7-19, and hereby moves this Court *Ex Parte* for an Order vacating the ADR Mediation Deadline of January 13, 2020.

This *Ex Parte Application* will be made on the grounds that, despite Plaintiff's best efforts, Defendant has manifested his intention to disregard his obligations with respect to mediation, including participating in selecting a mediator, such that it is not possible to schedule a mediation as required. In light of Defendant's unwillingness to participate, Plaintiff does not propose a new date at this time.

This *Ex Parte* Application is brought subsequent to several attempts to communicate with the Defendant regarding this matter. *See Riley Declaration; Diaz Declaration* (filed concurrently herewith). In light of Defendant's unwillingness to participate meaningfully in the scheduling of mediation, Plaintiff asks that, in the interests of justice, the notice requirement be waived. C.D.Cal. L.R. 7-19.2.

This *Ex Parte Application* will be based on the Memorandum of Points and Authorities and Declarations served and filed herewith, and such further oral and documentary evidence or argument as may be presented at any hearing on Plaintiff's *Ex Parte Application*.

///

///

Respectfully submitted,

Dated:  January 13, 2020

/s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

This is a commercial piracy case arising out of the alleged unlawful interception, receipt and publication of Plaintiff's March 23, 2018 Program, *Peru v. Croatia, International Friendly Soccer Game,* (hereinafter the "Program). For purposes of this *Ex Parte Application*, Plaintiff requests that the January 13, 2020 deadline for the parties to conduct an ADR Mediation be vacated.

Defendant's contact information is:

Edwin R. Inga
1905 S. Western Ave., Ste. 8
Los Angeles, CA 90018
(213)618-2716

# ARGUMENT

On May 8, 2019, this Court referred this case to Magistrate Judge Paul L. Abrams for discovery and settlement purposes. (Dkt. No. 14). As required by the Court, Plaintiff filed and served a Status Report indicating that it had notified Magistrate Judge Abrams of this Court's referral. (Dkt. No. 16). In the meanwhile, on May 9, 2019, Magistrate Judge Abrams issued a Case Management Order and Order/Referral to ADR. (Dkt. No. 15). The Case Management Order required, *inter alia*, that Plaintiff contact the ADR Program Director to schedule a mediation within fourteen days, and that the mediation be conducted no later than January 13, 2020. (Dkt. No. 15 at 2, ¶ 3).

On May 21, 2019, as ordered, Plaintiff contacted the ADR Program Director. *Riley Declaration* ¶ 5. At that time, Plaintiff was informed that that parties were to review the Court's list of approved mediators and then file a Stipulation Regarding Selection of Panel Mediator designating the agreed upon mediator. *Id.* On May 21, 2019, Plaintiff sent a letter to Defendant informing him of the substance of the parties' obligations as noted above. *See Id.*, ¶ 6; *Id.* (Ex. 1). In that letter, Plaintiff provided Defendant with a link to the Court's list of mediators, and asked that he pick his top three. *Id.*, ¶ 7. Plaintiff further informed Defendant of the January 13, 2020 deadline. *Id.*

On June 5, 2019, having not received a response to the May 21, 2019 letter, Plaintiff sent a follow up letter to Defendant. *Id.*, ¶ 8; *Id.* (Ex. 2). Plaintiff did not receive a response to the June 5, 2019 letter. *Id.*, ¶ 8. On July 22, 2019, Plaintiff sent a letter to Defendant requesting that he participate in a "meet and confer" with respect to a Motion to Strike. *Id.*, ¶ 9; *Id.* (Ex. 3). Defendant also did not respond to that letter. *Id.*, ¶ 9. While not specifically relevant to the mediation, this information is provided to highlight Defendant's lack of participation.

In addition, Plaintiff made three attempts to contact Defendant via telephone to discuss the requirements of mediation. *Diaz Declaration* ¶ 4; *Riley Declaration* ¶ 10. Unfortunately, Defendant was wholly uncooperative throughout the process. *Id.* Among those attempts, on December 30, 2019, Defendant spoke Ms. Karla Diaz, a paralegal in the office of Plaintiff's counsel, at which time he stated that he

would not participate in mediation. *Diaz Declaration* ¶ 4; *Riley Declaration* ¶ 10. At that time, Defendant refused to speak with counsel for Plaintiff personally. *Id.* Similarly, on January 8, 2020, Defendant refused to cooperate or even listen when Ms. Diaz attempted to explain to him the necessity of scheduling a mediation. *Id.* Ms. Diaz even attempted to speak to Defendant in Spanish. *Id.*

In light of the foregoing, it is clear that Defendant is not willing to participate meaningfully in the scheduling and/or conduct of ADR mediation. Plaintiff has followed this Court's Orders and made more than reasonable efforts to attempt to schedule the mediation. Under the circumstances, it would be an unnecessary waste of time and resources, both of Plaintiff and any potential mediator, to require mediation at this time.

Wherefore, for the reasons set forth herein, Plaintiff respectfully requests that this Court grant Plaintiff's *Ex Parte Application* to Vacate ADR Mediation Deadline, and award such other relief as may be just and proper.

                                                Respectfully submitted,

Dated: January 13, 2020     /s/ *Thomas P. Riley*
                                           **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                           By: Thomas P. Riley
                                           Attorneys for Plaintiff
                                           Innovative Sports Management, Inc. d/b/a
                                           Integrated Sports Media

# PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On January 13, 2020, I caused to serve the following document entitled:

PLAINTIFF'S *EX PARTE APPLICATION* TO VACATE ADR MEDIATION DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Edwin R. Inga (Defendant)
1905 S. Western Ave., Ste. 8
Los Angeles, CA 90018

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 13, 2020, at South Pasadena, California.

Dated: January 13, 2020                    /s/ *Karla Diaz*
                                            KARLA DIAZ

PLAINTIFF'S *EX PARTE APPLICATION* TO VACATE ADR MEDIATION DEADLINE;
MEMORANDUM OF POINTS AND AUTHORITIES – Page 6