Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWN R. INGA, individually and d/b/a TOMBO LOCO PERUVIAN RESTAURANT,<br><br>Defendant. | Case No.:  2:19-cv-02070-TJH-PLA<br><br>PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW |

Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports Media, (hereinafter "Plaintiff") hereby submits the following Memorandum of Contentions of Fact and Law.

///

///

I.      SUMMARY STATEMENT OF CLAIMS.

        A.      <u>Claim 1</u>: Defendant violated 47 U.S.C. §§ 605 or 553.

        <u>Elements</u>

        Any person aggrieved may bring a claim under 47 U.S.C. §§ 605 and 553, 47 U.S.C. § 605(e)(3)(A), 47 U.S.C. § 553(c)(1) and the term "person aggrieved" includes any person with proprietary right in the communication. 47 U.S.C. § 605(d)(6). To prevail, Plaintiff must establish that it is a party aggrieved under the statute.

        There are several distinct ways to violate 47 U.S.C. § 605, any one of which is sufficient for liability. To hold the Defendant liable to Plaintiff, Plaintiff must establish that it has a proprietary right in the communication, and that the Defendant either intercepted, received, divulged, or published Plaintiff's *Program* without the permission of Plaintiff. 47 U.S.C. § 605(a); *Directv v. Webb*, 545 F.3d 837 (9th Cir. 2008). To hold Defendant liable under 47 U.S.C. § 553, Plaintiff must establish that it has a proprietary right in the communication, and that the Defendant either intercepted or received the *Program* without the permission of Plaintiff. 47 U.S.C. § 553(a)(1). Both 47 U.S.C. § 605 and 47 U.S.C. § 553 are strict liability statutes. 47 U.S.C. § 605(e)(3)(C)(iii); 47 U.S.C. § 553(c)(3)(C); *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998). Sections 605 and 553 reach different conduct and Plaintiff may only recover under one section for a single violation. To prevail, Plaintiff

must establish that it is entitled to relief under either statute.

Defendant operates Tombo Loco Peruvian Restaurant as a sole proprietorship. As such, for purposes of this lawsuit, Defendant is the commercial establishment and he is responsible for the activities therein. See Pinkerton's, Inc. v. Superior Court, 49 Cal. App. 4th 1342, 1348 (1996); Twenty-Nine Palms Enterprises Corp. v. Bardos, 210 Cal. App .4th 1435, 1449 (2012) (("[A] sole proprietorship is not a legal entity separate from its individual owner").

Key Evidence in Support

1.      Anticipated Testimony of Doug Jacobs;

2.      Anticipated Testimony of John Valentino;

3.      Exhibits:      Affidavit of John Valentino, and accompanying photographs and video; February 12, 2018 Event Distribution Agreement; Closed Circuit (commercial) Rate Card; Post-event score sheet for Friday, March 23, 2018 from www.foxsports.com"; Tomboloco Peruvian Restaurant Yelp Page; The Infatuation Article on Tombo Loco Peruvian.

B.      Claim 3: Defendant committed the tort of conversion.

Elements

To establish this claim, Plaintiff must establish:

1. That Plaintiff owned, possessed or had a right of possession of the Program;

2. That Defendant intentionally and substantially interfered with *Program* by taking possession of it;

3. That Plaintiff did not consent;

4. That Plaintiff was harmed; and

5. That Defendant's conduct was a substantial factor in causing Plaintiff harm.

CACI 2100.

In making this determination, the nature of "intent" is addressed to the intent to do the act in question, that is, the intent to show the *Program*. It is not the intent to commit the tort of conversion or the intent to break the law. *See In re Peklar*, 260 F.3d 1035, 1037 (9th Cir. 2001) (". . . a wrongful intent *is not necessary*") (emphasis added).

<u>Key Evidence in Support</u>

1.    Anticipated Testimony of Doug Jacobs;

2.    Anticipated Testimony of John Valentino;

3.    Exhibits:    Affidavit of John Valentino, and accompanying photographs and video; February 12, 2018 Event Distribution Agreement; Closed Circuit (commercial) Rate Card; Post-event score sheet for Friday, March 23, 2018 from www.foxsports.com"; Tomboloco Peruvian Restaurant Yelp Page; The Infatuation Article on Tombo Loco Peruvian.

///

///

C.      Claim 4: Defendant violated Cal. Bus. & Prof. Code § 17200.

Elements

The remedies provided under the California Unfair Competition Law are cumulative, and Plaintiff's California Business and Professions Code Section 17200 claim is derivative of its other claims. This means that if Plaintiff establishes that Defendant committed any other violation, Defendant may also be liable under California Business and Professions Code Section 17200. Cal. Bus & Prof. Code § 17205; *see Khoury v. Maly's of Cal., Inc.,* 14 Cal. App. 4th 612, 619 (1993).

Key Evidence in Support

1.      Anticipated Testimony of Doug Jacobs;

2.      Anticipated Testimony of John Valentino;

3.      Exhibits:     Affidavit of John Valentino, and accompanying photographs and video; February 12, 2018 Event Distribution Agreement; Closed Circuit (commercial) Rate Card; Post-event score sheet for Friday, March 23, 2018 from www.foxsports.com"; Tomboloco Peruvian Restaurant Yelp Page; The Infatuation Article on Tombo Loco Peruvian.

II.     IDENTIFICATION OF ANY ANTICIPATED EVIDENTIARY ISSUES, TOGETHER WITH THE PARTY'S POSITION ON THOSE ISSUES.

Plaintiff will challenge any effort by Defendant to submit evidence that was not provided via his Initial Disclosures or otherwise provided during this litigation. <u>See</u> Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

III.   IDENTIFICATION OF ANY ISSUES OF LAW, SUCH AS THE PROPER INTERPRETATION OF A GOVERNING STATUTE, WHICH ARE GERMANE TO THE CASE, TOGETHER WITH THE PARTY'S POSITION ON THOSE ISSUES.

The ultimate reach of 47 U.S.C. § 605; Plaintiff's position is that § 605 applies broadly.

IV.   BIFURCATION OF ISSUES

N/A.

V.   JURY TRIAL

The question of whether there is a right to jury trial for all issues under 47 U.S.C. §§ 605 and 553 has not been addressed by the Ninth Circuit; however, district courts within the Ninth Circuit have found that such a right exists. *E.g.* *J & J Sports Productions, Inc. v. Jimenez,* 2010 WL 4639314 (S.D. Cal. Nov. 7, 2010). For purposes of this case, Plaintiff does not challenge Defendant's jury demand, or that said demand was timely.

VI.   FACTUAL AND LEGAL BASIS FOR ATTORNEYS' FEES.

54-12, Plaintiff should be granted 14 days from the entry of any qualifying

judgment in its favor to submit its motion for costs and reasonable attorneys' fees.

VII.   ABANDONED ISSUES.

     None at this time.

Dated:  May 17, 2021

                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                By:  Thomas P. Riley
                Attorneys for Plaintiff
                Innovative Sports Management, Inc.,
                d/b/a Integrated Sports Media

1

2                                        **PROOF OF SERVICE**

3          I declare that:

4          I am employed in the County of Los Angeles, California.  I am over the age

5   of eighteen years and not a party to the within cause; my business address is First

6   Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am
    readily familiar with this law firm's practice for collection and processing of

7   correspondence/documents for mail in the ordinary course of business.

8          On May 17, 2021, I caused to serve the following document entitled:

9   PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND

10  LAW

11  On all parties referenced by enclosing a true copy thereof in a sealed envelope

12  with postage prepaid and following ordinary business practices, said envelope was
    addressed to:

13

14         Edwin R. Inga (Defendant)

15         1905 S. Western Ave. No. 8
           Los Angeles, CA 90018

16

17         The fully sealed envelope with pre-paid postage was thereafter placed in our

18  law firm's outbound mail receptacle in order that this particular piece of mail
    could be taken to the United States Post Office in South Pasadena, California later

19  this day by myself (or by another administrative assistant duly employed by our
    law firm).

20

21         I declare under the penalty of perjury pursuant to the laws of the United

22  States that the foregoing is true and correct and that this declaration was executed
    on May 17, 2021, at South Pasadena, California.

23

24  Dated:  May 17, 2021        _____

25                                          THOMAS P. RILEY

26

27

28