Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN R. INGA,<br><br>Defendant. | CASE NO.  2:19-cv-02070-TJH-PLA<br><br>PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE FINAL PRETRIAL CONFERENCE AND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS; AND ORDER (Proposed) |

TO THE HONORABLE TERRY J. HATTER, JR., THE DEFENDANTS, AND THEIR ATTORNEY/S OF RECORD:

By and through this Application, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, respectfully requests this Honorable Court continue the Final Pretrial Conference presently scheduled for June 7, 2021 at 10:00 a.m. to July 12, 2021 at 10:00 a.m.

///

**WHEREFORE**, Plaintiff makes this request on the following grounds:

1.      By way of this Application Plaintiff seeks permission to file a Motion for Terminating Sanctions in the instant action on the basis that the defendant Edwin R. Inga, has failed to comply with the rules of this Court and specific orders of the Honorable Terry J. Hatter, Jr., the trial judge assigned to this action. Specifically, most recently, and as it pertains to the foregoing motion, defendant has refused to participate in the submission of the Joint Exhibit List necessitating Plaintiff to file its own Exhibit List (Please see Exhibit 1 to Plaintiff's Exhibit List for Trial (ECF 40)) and has likewise failed to file his Witness List and Memorandum of Contentions of Fact and Law as also required[1].

2.      After awaiting for defendant to finally cooperate and file the required pretrial documents, but having failed to do so, Plaintiff's counsel notified Defendant of Plaintiff's intentions to file a Motion for Terminating Sanctions in this action, and specifically requested in writing (via FedEx overnight), a Local Rule 7.3 telephonic conference (Please see Exhibit 1 attached hereto). As of this writing Plaintiff's counsel has received no response whatsoever to its written meet and confer request correspondence[2].

3. Based on the foregoing, Plaintiff and its counsel respectfully request the Final Pretrial Conference presently scheduled for June 7, 2021 at 10:00 a.m. be

---

[1] Plaintiff's Memorandum of Contentions of Fact and Law was timely filed on May 17, 2021 (ECF 38) as was Plaintiff's Witness List (ECF 39)

[2] Plaintiff was mindful of the May 28, 2021 deadline for the Parties to file a Joint Proposed Pretrial Conference Order and on Wednesday, May 18, 2021 Defendant was sent a draft of the Joint Proposed Conference Order (Please see Exhibit 2).

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE FINAL PRETRIAL CONFERENCE AND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS; AND ORDER (Proposed)**
CASE NO. 2:19-cv-02070-TJH-PLA
PAGE 2

continued to July 12, 2021[3] and Plaintiff be permitted until Friday, June 18, 2021 to file its Motion for Terminating Sanctions in this action.

Respectfully submitted,

Dated: May 28, 2021

**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

///

///

///

///

///

///

///

///

///

---

[3] The Court has a Final Pretrial Conference in another civil action, Case No. 2:19-cv-04439-TJH-PLA, *Innovative Sports Management, Inc. v. Sonia Maria Linares, et al.*, on the same day where Plaintiff's counsel in the instant action is also attorney of record.

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE FINAL PRETRIAL
CONFERENCE AND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PLAINTIFF'S MOTION
FOR TERMINATING SANCTIONS; AND ORDER (Proposed)
CASE NO. 2:19-cv-02070-TJH-PLA
PAGE 3

# Exhibit 1

# LAW OFFICES OF THOMAS P. RILEY
## A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
WWW.TPRLAW.NET

TEL: (626) 799-9797                                      FAX: (626) 799-9795

May 26, 2021

Mr. Edwin R. Inga
1905 South Western Avenue, No. 8
Los Angeles, CA 90018

**Re:**   *Innovative Sports Management, Inc., d/b/a Integrated Sports Media v. Edwin R. Inga, et al.*
          *Case No. 2:19-cv-02070-TJH-PLA (USDC CDCA)*

Mr. Inga:                                      *Transmitted By Overnight Mail*

It is Plaintiff's intention to file a Motion for Terminating Sanctions (due to your failure to respond to our office's repeated requests to meet and confer regarding the submission of pre-trial documents, and your failure to file your own pre-trial documents in the above-entitled action as required, etc.)

Prior to filing the above-referenced motion, I would like to conduct a Local Rule 7.3 telephonic conference with you on one of the following dates:

- 3:00 pm; Thursday, May 27, 2021
- 3:30 pm; Thursday, May 27, 2021
- 4:00 pm; Thursday, May 27, 2021
- 9:30 am; Friday, May 28, 2021
- 11:00 am; Friday, May 28, 2021
- 2:00 pm; Friday, May 28, 2021
- 3:00 pm; Friday, May 28, 2021

Please telephone or e-mail my office (tprlaw@att.net) promptly following receipt of this correspondence to indicate which of the above dates will be most convenient to conduct our conference, or please provide us with an alternate date and time that you would be available for the requested meet and confer telephone conference. Once finalized, my office will initiate the conference call to you at your telephone number of record or preference.

Cordially,

Thomas P. Riley

TPR/kd



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# Exhibit 2

# LAW OFFICES OF THOMAS P. RILEY

### A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
WWW.TPRLAW.NET

TEL: (626) 799-9797                                    FAX: (626) 799-9795

May 18, 2021

Mr. Edwin R. Inga
1905 South Western Avenue, No. 8
Los Angeles, CA 90018

> **Re:** *Innovative Sports Management, Inc., d/b/a Integrated Sports Media v. Edwin R. Inga, et al.*
> *Case No. 2:19-cv-02070-TJH-PLA (USDC CDCA)*

Mr. Inga:                                              *Transmitted By Overnight Mail*

The Honorable Terry J. Hatter, Jr., our trial judge in the above-entitled action, has ordered the Parties to file a joint Proposed Pretrial Order by Friday, May 28, 2021. On that basis, I now attach a draft copy of the Proposed Pretrial Order, which we have completed on behalf of the Plaintiff.

At this time, it is necessary for you to complete the Proposed Pretrial Order with Defendant's input. In that our office has this document in a Microsoft Word format, it would be much, much easier for you to complete the document if you would allow us to email it to you or to someone who could receive it on your behalf. This will also facilitate you returning the document to us. If you are agreeable to receiving this document by email, I ask you to please reply to Ms. Karla Diaz (**tprusa@att.net**) in our office and provide her the email address you would like us to use and that you please do so at your very earliest convenience.

**In that there is a May 28, 2021 deadline for this joint Proposed Pretrial Order, it is imperative we receive your fully completed draft no later than close of business Thursday, May 27, 2021. If we do not have your completed draft by that deadline, Plaintiff will file its own Proposed Pretrial Order the following business day without further notice, delay, or demand.**

Thank you very much for your foremost attention and anticipated cooperation.

Cordially,

Thomas P. Riley

TPR/kd

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030
Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

Edwin R. Inga, Pro Se
1905 South Western Avenue, No 8
Los Angeles, CA 90018
Tel: 323-548-9809

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>               Plaintiff,<br><br>     vs.<br><br>EDWIN R. INGA,<br><br>               Defendants. | Case No. 2:19-cv-02070-TJH-PLA<br><br>PROPOSED PRETRIAL CONFERENCE ORDER |

Following pretrial proceedings, pursuant to Fed.R.Civ.P. 16 and L.R. 16, IT IS

ORDERED:

1.     The parties are:

Plaintiff: Innovative Sports Management, Inc., d/b/a Integrated Sports

Media

1   <u>Defendant</u>: Edwin R. Inga, individually and d/b/a Tombo Loco Peruvian

2   Restaurant.

3   Defendant Edwin R. Inga has been served and has appeared. All other

4

5   parties named in the pleadings and not identified in the preceding paragraph are

6   now dismissed.

7   The pleadings which raise the issues are:

8

9   <u>Complaint</u> (Dkt. No. 1).

10   <u>Answer</u> (Dkt. No. 10).

11   2.     Jurisdiction:  This action is brought pursuant to several federal

12

13   statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C.

14   § 605, *et seq.*, and The Cable & Television Consumer Protection and Competition

15   Act of 1992, as amended, Title 47 U.S.C. § 553, *et seq.* This Court has federal

16

17   question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331. The

18   Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

19   Venue: Venue is proper in this Court pursuant to 28 U.S.C. § 1391because

20

21   Defendant resides in this District and a substantial part of the events alleged in the

22   Complaint arose in this District.

23   Neither jurisdiction nor venue are disputed.

24

25   3.     Trial should take 1 day.

26   4.     The trial is to be a jury trial.

27   5.     The following facts are admitted and require no proof:

28

a.      Defendant Edwin R. Inga is, and all times relevant hereto was, the owner and operator of the commercial establishment doing business as Tombo Loco Peruvian Restaurant, operating at 4103 Beverly Boulevard, Los Angeles, CA 90004.

6.      The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

N/A

7.      **Plaintiff** plans to pursue the following claims against the following defendants:

a.      Defendant violated 47 U.S.C. § 605.
b.      Defendant violated 47 U.S.C. § 553.
c.      Defendant committed the tort of conversion.
d.      Defendant violated Cal.Bus.&Prof. Code § 17200, *et seq.*

Elements – 47 U.S.C. §§ 605 or 553.

Any person aggrieved may bring a claim under 47 U.S.C. §§ 605 and 553, 47 U.S.C. § 605(e)(3)(A), 47 U.S.C. § 553(c)(1) and the term "person aggrieved" includes any person with proprietary right in the communication. 47 U.S.C. § 605(d)(6). To prevail, Plaintiff must establish that it is a party aggrieved under the statute.

There are several distinct ways to violate 47 U.S.C. § 605, any one of which is sufficient for liability. To hold the Defendant liable to Plaintiff, Plaintiff must establish that it has a proprietary right in the communication, and that the Defendant either intercepted, received, divulged, or published Plaintiff's *Program*

without the permission of Plaintiff. 47 U.S.C. § 605(a); *Directv v. Webb*, 545 F.3d 837 (9th Cir. 2008). To hold Defendant liable under 47 U.S.C. § 553, Plaintiff must establish that it has a proprietary right in the communication, and that the Defendant either intercepted or received the *Program* without the permission of Plaintiff. 47 U.S.C. § 553(a)(1). Both 47 U.S.C. § 605 and 47 U.S.C. § 553 are strict liability statutes. 47 U.S.C. § 605(e)(3)(C)(iii); 47 U.S.C. § 553(c)(3)(C); *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998).

Sections 605 and 553 reach different conduct and Plaintiff may only recover under one section for a single violation. To prevail, Plaintiff must establish that it is entitled to relief under either statute.

Defendant operates Tombo Loco Peruvian Restaurant as a sole proprietorship. As such, for purposes of this lawsuit, Defendant is the commercial establishment and he is responsible for the activities therein. *See Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996); *Twenty-Nine Palms Enterprises Corp. v. Bardos*, 210 Cal. App .4th 1435, 1449 (2012) (("[A] sole proprietorship is not a legal entity separate from its individual owner").

Elements - Conversion

1.    Plaintiff owned, possessed or had a right of possession of the *Program;*

2.    Defendant intentionally and substantially interfered with *Program* by taking possession of it;

3.    Plaintiff did not consent;

4.    Plaintiff was harmed; and

5.    Defendant's conduct was a substantial factor in causing Plaintiff harm. CACI 2100.  In making this determination, the nature of "intent" is addressed to the intent to do the act in question, that is, the intent to show the Program. It is not the intent to commit the tort of conversion or the intent to break the law. *See In re Peklar*, 260 F.3d 1035, 1037 (9th Cir. 2001) (. . . a wrongful intent *is not necessary.*")(emphasis added).

Elements – Cal. Bus.& Prof. Code § 17200

Plaintiff's California Business and Professions Code section 17200 claim is derivative of its other claims. As such, if Defendant has violated either 47 U.S.C. § 605 or 553, or committed the tort of conversion, Defendant is also liable for this claim. *See Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

Key Evidence – All Claims

Testimony of Doug Jacobs; testimony of John Valentino; documentation establishing Plaintiff's rights to the *Program*.

**Defendants** plan to pursue the following:

(a)

(b)

(c)

8.      In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

9.      All discovery is complete.

10.     All disclosures under Fed.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Defendants' Exhibit Nos:

Defendant objects to Plaintiff's Exhibit Nos:

The objections and grounds therefor are:

Defendants' Exhibit No. :

Plaintiff's Exhibit No. :

11.     Witness list for Plaintiff has been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

12.     The following law and motion matters and motions in limine, and no others, are pending or contemplated:

By Plaintiff: Motion for Terminating Sanctions; Motions in Limine.

By Defendant:

13.    Bifurcation of the following issues for trial is ordered. None.

14.    The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2021.

_____
HON. TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

Dated:                          *Draft Copy*_____
LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

Dated:                          _____
EDWIN R. INGA
By: Edwin R. Inga,
*Pro Se* Defendant
individually and d/b/a Tombo Loco
Peruvian Restaurant



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030-3227.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On May 28, 2021, I caused to serve the following documents entitled:

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE FINAL PRETRIAL CONFERENCE AND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS; AND ORDER (Proposed)**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Edwin R. Inga                                             (Defendant *Pro Se*)
1905 South Western Ave., No 8
Los Angeles, CA 90018

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

///

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE FINAL PRETRIAL CONFERENCE AND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS; AND ORDER (Proposed)**
**CASE NO. 2:19-cv-02070-TJH-PLA**
**PAGE 4**

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 28, 2021, at South Pasadena, California.

Dated: May 28, 2021

THOMAS P. RILEY

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE FINAL PRETRIAL CONFERENCE AND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS; AND ORDER (Proposed)**
CASE NO. 2:19-cv-02070-TJH-PLA
PAGE 5