Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN R. INGA, individually and d/b/a TOMBO LOCO PERUVIAN RESTAURANT,<br><br>Defendant. | Case No. 2:19-cv-04439-TJH-PLA<br><br>DECLARATION OF THOMAS P. RILEY IN SUPPORT OF PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS<br><br>Date:  July 26, 2021<br>Time:  UNDER SUBMISSION<br>Place:  Courtroom 9B<br>Judge:  Honorable Terry J. Hatter, Jr. |

I, THOMAS P. RILEY, declare as follows:

1. I am counsel for the Plaintiff in this matter. I am duly licensed to practice law in the State of California and in this Court.

2. I have personal knowledge of each and every fact stated herein and could competently testify thereto if called as a witness.

3. I make this Declaration in Support of Plaintiff's Motion for Terminating Sanctions against Defendant Edwin R. Inga, individually and d/b/a Tombo Loco Peruvian Restaurant (hereinafter "Defendant").

4. On February 8, 2021, the Court entered its Order Setting Final Pre-trial Conference and Referring Discovery. (Dkt. No. 37). That Order set a Final Pre-Trial Conference for June 7, 2021. (Id. at 1). On June 2, 2021, the June 7, 2021 Pretrial Conference was continued to June 21, 2021. (Dkt. No. 43). However, as discussed below, at that time Plaintiff had complied with the then existing deadlines.

5. Based on the June 7, 2021 Pretrial Conference date, the following documents were due by May 17, 2021: Memo on Contentions of Fact and Law, Witness List, and Joint Exhibit List. C.D.Cal. L-R 16-4, 16-5, 16-6 (requiring these documents twenty-one days before the Pretrial Conference).

6. On May 11, 2021, Plaintiff sent a proposed Joint Exhibit List to Defendant via FedEx overnight delivery. A true and correct copy of my May 11, 2021 letter and accompanying attachments were previously submitted. (Dkt. No. 40 at 3-12). Defendant did not respond to that letter or otherwise offer any input with respect to the Joint Exhibit List and, as a result of Defendant's failure to participate, Plaintiff filed its Exhibit List unilaterally. See (Dkt. No. 40 at 1, n.1).

7. Based on the June 7, 2021 Pre-Trial Conference date, a Joint Proposed Pretrial Order was due by May 28, 2021. On May 18, 2021, Plaintiff sent

a copy of the Joint Proposed Pretrial Conference Order to Defendant via FedEx overnight delivery. A true and correct copy of my May 18, 2021 letter and accompanying attachment is attached hereto Exhibit 1. No response to that letter was received and the Joint Proposed Pretrial Conference Order was never returned. As a result of Defendant's failure to participate, Plaintiff filed the Proposed Pretrial Conference Order unilaterally. See (Dkt. No. 41-1 at 1).

8.  On May 26, 2021, I sent a letter to Defendant via FedEx overnight delivery requesting that he participate in a "meet and confer" with respect to the relief sought herein. Through that letter, I suggested seven different times on two different dates during which the parties could conduct the conference. I further noted that Defendant could provide an alternate time if none of the suggested dates and times offered were convenient. As of the filing of this Motion, no response to that letter has been received. A true and correct copy of my May 26, 2021 letter is attached hereto as Exhibit 2.

9.  Despite Plaintiff's many efforts. Defendant has made no effort to participate in the preparation of Pretrial Conference documents, and has not otherwise manifested an intention to participate in this case in quite some time. Despite many efforts since, the last interaction that Plaintiff had with Defendant directly was on July 6, 2020, and the last interaction that Plaintiff had with anyone even related to Defendant was on August 10, 2020 (and that was with Defendant's brother).

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this <u>18th</u> day of June 2021 at South Pasadena, California.

By: _____
Thomas P. Riley

# Exhibit 1

# LAW OFFICES OF THOMAS P. RILEY
A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
WWW.TPRLAW.NET

TEL: (626) 799-9797                               FAX: (626) 799-9795

May 18, 2021

Mr. Edwin R. Inga
1905 South Western Avenue, No. 8
Los Angeles, CA 90018

**Re:**   *Innovative Sports Management, Inc., d/b/a Integrated Sports Media v. Edwin R. Inga, et al.*
        *Case No. 2:19-cv-02070-TJH-PLA (USDC CDCA)*

Mr. Inga:                                         *Transmitted By Overnight Mail*

The Honorable Terry J. Hatter, Jr., our trial judge in the above-entitled action, has ordered the Parties to file a joint Proposed Pretrial Order by Friday, May 28, 2021. On that basis, I now attach a draft copy of the Proposed Pretrial Order, which we have completed on behalf of the Plaintiff.

At this time, it is necessary for you to complete the Proposed Pretrial Order with Defendant's input. In that our office has this document in a Microsoft Word format, it would be much, much easier for you to complete the document if you would allow us to email it to you or to someone who could receive it on your behalf. This will also facilitate you returning the document to us. If you are agreeable to receiving this document by email, I ask you to please reply to Ms. Karla Diaz (**tprusa@att.net**) in our office and provide her the email address you would like us to use and that you please do so at your very earliest convenience.

**In that there is a May 28, 2021 deadline for this joint Proposed Pretrial Order, it is imperative we receive your fully completed draft no later than close of business Thursday, May 27, 2021. If we do not have your completed draft by that deadline, Plaintiff will file its own Proposed Pretrial Order the following business day without further notice, delay, or demand.**

Thank you very much for your foremost attention and anticipated cooperation.

Cordially,

*[signature]*

Thomas P. Riley

TPR/kd

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030
Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

Edwin R. Inga, Pro Se
1905 South Western Avenue, No 8
Los Angeles, CA 90018
Tel: 323-548-9809

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN R. INGA,<br><br>Defendants. | Case No. 2:19-cv-02070-TJH-PLA<br><br>PROPOSED PRETRIAL CONFERENCE ORDER |

Following pretrial proceedings, pursuant to Fed.R.Civ.P. 16 and L.R. 16, IT IS

ORDERED:

1.   The parties are:

Plaintiff: Innovative Sports Management, Inc., d/b/a Integrated Sports Media

Defendant: Edwin R. Inga, individually and d/b/a Tombo Loco Peruvian Restaurant.

Defendant Edwin R. Inga has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

Complaint (Dkt. No. 1).

Answer (Dkt. No. 10).

2. Jurisdiction: This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. § 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. § 553, *et seq.* This Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

Venue: Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events alleged in the Complaint arose in this District.

Neither jurisdiction nor venue are disputed.

3. Trial should take 1 day.

4. The trial is to be a jury trial.

5. The following facts are admitted and require no proof:

a. Defendant Edwin R. Inga is, and all times relevant hereto was, the owner and operator of the commercial establishment doing business as Tombo Loco Peruvian Restaurant, operating at 4103 Beverly Boulevard, Los Angeles, CA 90004.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

N/A

7. **Plaintiff** plans to pursue the following claims against the following defendants:

    a. Defendant violated 47 U.S.C. § 605.
    b. Defendant violated 47 U.S.C. § 553.
    c. Defendant committed the tort of conversion.
    d. Defendant violated Cal.Bus.&Prof. Code § 17200, *et seq*.

Elements – 47 U.S.C. §§ 605 or 553.

Any person aggrieved may bring a claim under 47 U.S.C. §§ 605 and 553, 47 U.S.C. § 605(e)(3)(A), 47 U.S.C. § 553(c)(1) and the term "person aggrieved" includes any person with proprietary right in the communication. 47 U.S.C. § 605(d)(6). To prevail, Plaintiff must establish that it is a party aggrieved under the statute.

There are several distinct ways to violate 47 U.S.C. § 605, any one of which is sufficient for liability. To hold the Defendant liable to Plaintiff, Plaintiff must establish that it has a proprietary right in the communication, and that the Defendant either intercepted, received, divulged, or published Plaintiff's *Program*

without the permission of Plaintiff. 47 U.S.C. § 605(a); *Directv v. Webb*, 545 F.3d 837 (9th Cir. 2008). To hold Defendant liable under 47 U.S.C. § 553, Plaintiff must establish that it has a proprietary right in the communication, and that the Defendant either intercepted or received the *Program* without the permission of Plaintiff. 47 U.S.C. § 553(a)(1). Both 47 U.S.C. § 605 and 47 U.S.C. § 553 are strict liability statutes. 47 U.S.C. § 605(e)(3)(C)(iii); 47 U.S.C. § 553(c)(3)(C); *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998).

Sections 605 and 553 reach different conduct and Plaintiff may only recover under one section for a single violation. To prevail, Plaintiff must establish that it is entitled to relief under either statute.

Defendant operates Tombo Loco Peruvian Restaurant as a sole proprietorship. As such, for purposes of this lawsuit, Defendant is the commercial establishment and he is responsible for the activities therein. *See Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996); *Twenty-Nine Palms Enterprises Corp. v. Bardos*, 210 Cal. App .4th 1435, 1449 (2012) (("[A] sole proprietorship is not a legal entity separate from its individual owner").

Elements - Conversion

1. Plaintiff owned, possessed or had a right of possession of the *Program*;

2. Defendant intentionally and substantially interfered with *Program* by taking possession of it;

3. Plaintiff did not consent;

4. Plaintiff was harmed; and

5. Defendant's conduct was a substantial factor in causing Plaintiff harm.

CACI 2100. In making this determination, the nature of "intent" is addressed to the intent to do the act in question, that is, the intent to show the Program. It is not the intent to commit the tort of conversion or the intent to break the law. *See In re Peklar*, 260 F.3d 1035, 1037 (9th Cir. 2001) (. . . a wrongful intent *is not necessary*.")(emphasis added).

Elements – Cal. Bus.& Prof. Code § 17200

Plaintiff's California Business and Professions Code section 17200 claim is derivative of its other claims. As such, if Defendant has violated either 47 U.S.C. § 605 or 553, or committed the tort of conversion, Defendant is also liable for this claim. *See Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

Key Evidence – All Claims

Testimony of Doug Jacobs; testimony of John Valentino; documentation establishing Plaintiff's rights to the *Program*.

**Defendants** plan to pursue the following:

(a)

(b)

(c)

8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

9. All discovery is complete.

10. All disclosures under Fed.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Defendants' Exhibit Nos:

Defendant objects to Plaintiff's Exhibit Nos:

The objections and grounds therefor are:

Defendants' Exhibit No. :

Plaintiff's Exhibit No. :

11. Witness list for Plaintiff has been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

12. The following law and motion matters and motions in limine, and no others, are pending or contemplated:

By Plaintiff: Motion for Terminating Sanctions; Motions in Limine.

By Defendant:

13. Bifurcation of the following issues for trial is ordered. None.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2021.

                          HON. TERRY J. HATTER, JR.
                          UNITED STATES DISTRICT JUDGE

Approved as to form and content.

Dated:                    *Draft Copy*
                          **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                          By: Thomas P. Riley
                          Attorneys for Plaintiff
                          Innovative Sports Management, Inc.,
                          d/b/a Integrated Sports Media

Dated:
                          **EDWIN R. INGA**
                          By: Edwin R. Inga,
                          *Pro Se* Defendant
                          individually and d/b/a Tombo Loco
                          Peruvian Restaurant



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# Exhibit 2

# LAW OFFICES OF THOMAS P. RILEY
A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
WWW.TPRLAW.NET

TEL: (626) 799-9797                                FAX: (626) 799-9795

May 26, 2021

Mr. Edwin R. Inga
1905 South Western Avenue, No. 8
Los Angeles, CA 90018

Re:  *Innovative Sports Management, Inc., d/b/a Integrated Sports Media v. Edwin R. Inga, et al.*
     *Case No. 2:19-cv-02070-TJH-PLA (USDC CDCA)*

Mr. Inga:                                                *Transmitted By Overnight Mail*

It is Plaintiff's intention to file a Motion for Terminating Sanctions (due to your failure to respond to our office's repeated requests to meet and confer regarding the submission of pre-trial documents, and your failure to file your own pre-trial documents in the above-entitled action as required, etc.)

Prior to filing the above-referenced motion, I would like to conduct a Local Rule 7.3 telephonic conference with you on one of the following dates:

- 3:00 pm; Thursday, May 27, 2021
- 3:30 pm; Thursday, May 27, 2021
- 4:00 pm; Thursday, May 27, 2021
- 9:30 am; Friday, May 28, 2021
- 11:00 am; Friday, May 28, 2021
- 2:00 pm; Friday, May 28, 2021
- 3:00 pm; Friday, May 28, 2021

Please telephone or e-mail my office (tprlaw@att.net) promptly following receipt of this correspondence to indicate which of the above dates will be most convenient to conduct our conference, or please provide us with an alternate date and time that you would be available for the requested meet and confer telephone conference. Once finalized, my office will initiate the conference call to you at your telephone number of record or preference.

Cordially,

Thomas P. Riley

TPR/kd



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 18, 2021, I caused to serve the following document entitled:

DECLARATION OF THOMAS P. RILEY IN SUPPORT OF PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Edwin R. Inga (Defendant)
1905 S. Western Ave., Ste. 8
Los Angeles, CA 90018

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 18, 2021, at South Pasadena, California.

Dated: June 18, 2021

_____
THOMAS P. RILEY