Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN R. INGA, individually and d/b/a TOMBO LOCO PERUVIAN RESTAURANT,<br><br>Defendant. | Case No.: 2:19-cv-02070-TJH-PLA<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: July 26, 2021<br>Time: UNDER SUBMISSION<br>Place: Courtroom 9B<br>Judge: Honorable Terry J. Hatter, Jr. |

TO THE HONORABLE COURT, THE DEFENDANT AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 26, 2021, or as soon thereafter as this matter may be heard in Courtroom 9B of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports

Media (hereinafter "Plaintiff") by and through counsel, will move for an Order pursuant to this Court's Orders, this Court's Local Rules, this Court's inherent powers, and case law, granting terminating sanctions against Defendant Edwin R. Inga, individually and d/b/a Tombo Loco Peruvian Restaurant (hereinafter "Defendant"). Specifically, that Defendant's Answer, (Dkt. No. 10), be stricken, and that Defendant's default be entered.

This Motion will be made on the grounds that Defendant failed to participate in mandatory Pretrial Conference proceedings, previously failed to participate in ADR scheduling, and otherwise has failed to participate in this action such that Plaintiff's ability to prosecute this case has been hindered and that no other viable alternative remains but to award terminating sanctions in Plaintiff's favor.

On May 26, 2021, Plaintiff's counsel sent a letter to Defendant requesting that he participate in a "meet and confer" with respect to the relief sought herein. Riley Decl. ¶ 8. Plaintiff's counsel suggested seven different times on two different dates during which the parties could conduct the conference, and further noted that Defendant could provide an alternate time if none of the suggested dates and times offered were convenient. Id. As of the filing of this Motion, no response to that letter has been received. Id.

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, the Declaration of Thomas P.

Riley, and such further oral and documentary evidence or argument as may be presented at the hearing on Plaintiff's Motion.

Respectfully submitted,

Dated: June 18, 2021

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .............................................................................................. 4

RELEVANT PROCEDURAL HISTORY ........................................................... 4

ARGUMENT ...................................................................................................... 9

I. DEFENDANT HAS VIOLATED SPECIFIC ORDERS OF THIS COURT AS WELL AS THIS COURT'S LOCAL RULES ..................... 9

II. AS A RESULT OF DEFENDANT'S VIOLATIONS, TERMINATING SANCTIONS ARE APPROPRIATE ........................................................ 11

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITES
PAGE(S)

**CASES**

Adriana Intern. Corp. v. Thoeren,
913 F.2d 1406 (9th Cir. 1990) ................................................................. 12-13

Back Shop Tiefkuhl GmbH v. GN Trade, Inc.,
2013 WL 3339046 (E.D. Cal. July 2, 2013) ................................................... 13

Connecticut General Life Ins. Co. v. New Images of Beverly Hills,
482 F.3d 1091 (9th Cir. 2007) ............................................................... 11, 14

Consumer Financial Protection Bureau v. Drexen,
101 F. Supp.3d 856 (C.D. Cal. Apr. 21, 2015) ................................................ 13

Garvin v. Tran,
2010 WL 5244139 (N.D. Cal. Dec. 3, 2010) ................................................... 14

In re Eisen,
31 F.3d 1447 (9th Cir. 1994) ...................................................................... 13

In re PPA Products Liability Litigation,
460 F.3d 1217 (9th Cir. 2006) ............................................................... 11-14

McNeil v. U.S.,
508 U.S. 106 (1993) .................................................................................. 9

Scott v. Belmares,
2008 WL 2596764 (C.D.Cal. April 30, 2008) ................................................. 11

Yourish v. California Amplifier,
191 F.3d 983 (9th Cir. 1990) ................................................................ 12-13

**STATUTES AND RULES**

Federal Rules of Civil Procedure

26 ............................................................................................................ 7

37 .......................................................................................................... 12

Central District of California

16 ................................................................................................. 7, 9-10

83 ..................................................................................................... 9-11

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

This is a commercial piracy case arising out of the alleged unlawful interception, receipt and exhibition of Plaintiff's Program, *Peru v. Croatia, International Friendly Soccer Game,* telecast nationwide on March 23, 2018 (hereinafter the "Program"). Through this Motion Plaintiff seeks terminating sanctions against Defendant; specifically, that Defendant's Answer, (Dkt. No. 10), be stricken and that default be entered against Defendant. As discussed below, Defendant has a history of ignoring his obligations and failing to comply with Orders of the Court, culminating with his recent failures to comply with his pretrial obligations.

# RELEVANT PROCEDURAL HISTORY

Defendant's most recent violations are related to his failure to comply with his pretrial obligations. Previously Defendant failed to participate meaningfully with respect to mandatory ADR requirements. Several documents before this Court detail the earlier ADR related violations; Plaintiff summarizes those below.

On May 8, 2019, this Court referred this case to Magistrate Judge Paul L. Abrams for discovery and settlement purposes. (Dkt. No. 14). On May 9, 2019, Magistrate Judge Abrams issued a Case Management Order and Order/Referral to ADR. (Dkt. No. 15). On January 31, 2020, due to Defendant's failure to participate in scheduling, Plaintiff filed an *Ex Parte* Motion to Vacate the ADR Mediation

Deadline. (Dkt. No. 24).[1] On February 3, 2020, the Court granted the motion to vacate and issued an Order to Show Cause to Defendant. (Dkt. No. 25). Defendant appeared before Magistrate Judge Abrams at the show cause hearing (February 19, 2020); after discussing issues related to participation in the mediation process, Magistrate Judge Abrams discharged the Order to Cause, extended the mediation deadline, and provided Defendant a copy of the May 9, 2019 Case Management Order and Order/Referral to ADR. (Dkt. No. 29).

On July 17, 2020, the Court directed Plaintiff to file a Status Report regarding mediation by July 22, 2020. (Dkt. No. 30). On July 22, 2020, Plaintiff filed said Status Report. (Dkt. No. 31). As explained therein, Defendant once again failed to participate in the mediation process and was not cooperative. See (Dkt. No. 31, ¶ 6). Plaintiff, however, also noted that there were extenuating circumstances. See (Id., ¶¶ 7-8). On July 23, 2020, Magistrate Judge Abrams suspended the mediation deadline, and again informed Defendant "that he is required to follow the orders issued by the Court." (Dkt. No. 32). The Court also ordered Plaintiff to file a further status report by August 24, 2020. (Id.). On August 22, 2020 Plaintiff filed its Further Status Report, in which it was stated that a settlement did not appear possible, and requested an opportunity to file a motion for summary judgment. (Dkt. No. 33). Magistrate Judge Abrams declined that

---

[1] Plaintiff had originally filed the *Ex Parte* Motion on January 13, 2020. (Dkt. No. 19). That motion was denied without prejudice. (Dkt. No. 21).

request without prejudice. (Dkt. No. 34). Magistrate Judge Abrams again stated, **"Defendant is once again advised that he is required to follow the orders issued by the Court. While he is not required to enter into a settlement with plaintiff, he is required to participate in the mediation process."** (Id. at 2 (emphasis in original)).

On November 13, 2020, the Court requested a Joint Status Report by December 17, 2020. (Dkt. No. 35). On December 17, 2020, Plaintiff filed its status report. (Dkt. No. 36). In that Status Report, Plaintiff detailed Defendant's history of inaction and requested permission to file a Motion for Termination Sanctions. (Id. at 2). In the alternative, Plaintiff requested that the Court set the case for trial. (Id.). In that Status Report, Plaintiff also explained its attempts to contact to Defendant for purposes of filing a *Joint* Status Report; as with prior efforts, Defendant did not respond to Plaintiff's overtures. (Id. at 2, n.1; Ex. 1, 2).

As noted above, on May 9, 2019, the Court entered its Case Management Order. (Dkt. No. 15). That Order is specifically addressed to discovery, ADR, and pre-trial motions, and states that, "[t]he deadlines and requirements set by the Court are *firm*." (Id. at 4, ¶ 5) (emphasis added). That Order also provides that, "[t]he failure of any party or attorney to comply with the requirements of this Order may result in sanctions being imposed both by this Court and/or Judge Hatter." (Id. at 5, ¶ 7). As detailed, Defendant repeatedly violated his obligations to comply with ADR scheduling.

On February 8, 2021, the Court entered its Order Setting Final Pre-Trial Conference and Referring Discovery. (Dkt. No. 37). That Order set a Final Pre-Trial Conference for June 7, 2021. (Id. at 1). That Order states, in pertinent part:

> The Court does not issue a scheduling order or set a status conference regarding the management of cases. Counsel are to come to an agreement regarding these dates to comply with FRCvP26 and Local Rule 16 in order to prepare for the Final Pre-Trial Conference.

(Id. at 2). The Memorandum accompanying the February 8, 2021 Order states, in pertinent part:

> **SCHEDULING CONFERENCE / PRE-TRIAL CONFERENCE**: Judge Hatter does NOT set a scheduling conference. When the matter becomes at issue or the majority of the pleadings have been filed, the Final Pre-trial Conference will be set. The Joint Proposed Pretrial Conference Order is to be lodged with the Court no later than **SEVEN** days prior to the Final Pre-trial Conference hearing. Failure to comply with the Court's Order may result in the imposition of **sanctions**.

(Id. at 4) (emphasis in original).

Based on the June 7, 2021 Pre-Trial Conference date[2], the following documents were due by May 17, 2021: Memo on Contentions of Fact and Law, Witness List, and Joint Exhibit List. C.D.Cal. L-R 16-4, 16-5, 16-6 (requiring these documents twenty-one days before the Pre-Trial Conference). On May 17, 2021, Plaintiff filed its Memo on Contentions of Fact and Law and Witness List. (Dkt. Nos. 38, 39). Defendant did not and still has not filed anything. See Docket,

---

[2] On June 2, 2021, the Court continued the Pretrial Conference to June 21, 2021. (Dkt. No. 43). At that time, Plaintiff had complied with the earlier deadlines. In any event, Defendant still made no effort to comply with his obligations.

passim. On May 17, 2021, Plaintiff also filed an Exhibit List. (Dkt. No. 40). While the Local Rules call for a Joint Exhibit List, as noted in the filing itself, this was not possible due to the failure of Defendant to participate. See (Dkt. No. 40 at 1, n.1).

With respect to the Exhibit List, on May 11, 2021 at 8:57 a.m., Plaintiff sent a proposed Joint Exhibit List to Defendant via FedEx overnight delivery. Riley Decl. ¶ 6. Defendant did not respond to that letter or otherwise offer any input with respect to the Joint Exhibit List. Id. As a result, Plaintiff filed the exhibit list unilaterally. Id. On May 28, 2021, in compliance with the then deadline of this Court, (Dkt. No. 37 at 4), Plaintiff filed a Notice of Lodging of the Proposed Final Pretrial Conference Order. (Dkt. No. 41). As with the Exhibit List, while Plaintiff was aware that this document was intended to be joint, due to the failure of Defendant to participate, the document was filed unilaterally. See (Dkt. No. 41-1 at 1).

In short, despite the many efforts of Plaintiff's counsel, Defendant has made no effort to participate in the preparation of Pretrial Conference documents, and has not otherwise manifested an intention to participate in this case in quite some time. Riley Decl. ¶ 9. The last filing of Defendant was on February 7, 2020 (Dkt. Nos. 26, 27), and Defendant's last appearance was at the Order to Show Cause hearing on February 19, 2020. (Dkt. No. 19).

On May 28, 2021, in view of Defendant's failures to participate, Plaintiff filed its Ex Parte Application to continue the Pretrial Conference and for an order permitting it to file the instant motion. (Dkt. No. 42). This Court granted Plaintiff's Ex Parte Application. (Dkt. No. 44).

## ARGUMENT

I. DEFENDANT HAS VIOLATED SPECIFIC ORDERS OF THIS COURT AS WELL AS THIS COURT'S LOCAL RULES.

As an initial matter, Defendant's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure, the Rules of this Court, or Orders of this Court. See McNeil v. U.S., 508 U.S. 106, 113 (1993) (". . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Local Rules of this Court make this clear. L.R. 83-2.2.3 ("Any person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P."). The Local Rules also make clear that failure to comply with the Local Rules may result in sanctions, which include judgment by default. L.R. 83-2.2.4 ("Failure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default").

Local Rule 16-15.1, which governs referrals for mediation, provides:

> ***Proceedings Mandatory.*** Unless exempted by the trial judge, the parties in each civil case shall participate in one of the ADR Procedures set forth in this rule or as otherwise approved by the trial judge.

C.D.Cal. L.R. 16-15.1 (emphasis in original). By failing to engage meaningfully in the scheduling of mediation, and by otherwise ignoring this Court's Orders related thereto, Defendant has violated this Rule.

The February 8, 2021 Order Setting Final Pre-trial Conference and Referring Discovery expressly informed the parties that failure to comply with the Order may result in sanctions. (Dkt. No. 37 at 4). Among other things, the February 8, 2021 Order required compliance with Local Rule 16. (Id. at 2). By failing to engage in mandatory pretrial conference requirements and by otherwise ignoring both this Court's Orders and Plaintiff's specific overtures related thereto, Defendant is subject to sanctions.

Local Rule 83-7 provides this Court with broad discretion to impose any sanction it deems appropriate under the circumstances:

> ***Sanctions - Violation of Rule.*** The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
>
> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
>
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
>
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

C.D.Cal L.R. 83-7 (emphasis in original). The actions of Defendant herein constitute willful disobedience of Court orders and, therefore, this Court may

impose any "sanction[] as the Court may deem appropriate under the circumstances." C.D.Cal. L.R. 83-7(b) and (c). Defendant was made aware of his obligations to participate meaningfully with respect to the Pretrial Conference via the February 8, 2021 Order. (Dkt. No. 28). In addition, Defendant was reminded of this obligation when the Court continued the Pretrial Conference. (Dkt. No. 43). If anything, this Court's continuance gave Defendant even more time to comply and he still did nothing. In addition, as detailed above, Plaintiff made several efforts to remind Defendant of his obligations, and to seek the input of Defendant. E.g. Riley Decl. ¶¶ 6-7.

II.  **AS A RESULT OF DEFENDANT'S VIOLATIONS, TERMINATING SANCTIONS ARE APPROPRIATE.**

In determining whether to grant a terminating sanction, the Court should evaluate the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

In re PPA Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006); Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation omitted). In In re PPA Litigation, the Ninth Circuit applied these factors when upholding dismissal for failure to comply with case management orders. Id. at 1222, 27-29; see also Scott v. Belmares, 2008 WL 2596764, at *4 (C.D.Cal. April 30, 2008) (noting that these factors are applied

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 11

both for failures to comply with discovery orders and "for failure to comply with pretrial orders concerning matters other than discovery . . . ."). In addition, "[d]istrict courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." In re PPA Litigation, 460 F.3d at 1227; Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (Federal Rule 37 sanctions and inherent power sanctions are interchangeable).

With respect to the first and second factors, the Ninth Circuit has upheld a terminating sanction as "serv[ing] the public interest in expeditious resolution of litigation as well as the court's need to manage the docket" when the non-complying party "caused the action to come to a complete halt, thereby allowing [the non-complying party] to control the pace of the docket rather than the Court." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1990) (Yourish involved a terminating sanction against the plaintiff for lack of prosecution; the concepts, however, apply both ways). As the Yourish Court noted, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990; see In re PPA Litigation, 460 F.3d at 1227 (9th Cir. 2006) ("Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits is costly in money, memory, manageability, and confidence in the process."). In this regard, while Plaintiff did seek a continuance of the most recent Pretrial Conference date, that

was only because it was left with no choice after the apparent abandonment of the case by Defendant. See Consumer Financial Protection Bureau v. Drexen, 101 F. Supp.3d 856, 873 (C.D. Cal. Apr. 21, 2015) ("The granting of a default judgment is appropriate when a party's conduct causes considerable delays in a case, such as when a court needs to continue trial . . . .")

By originally failing to participate in ADR and by most recently failing to participate in Pretrial Conference obligations, Defendant has been controlling the pace of the docket for quite some time. See Back Shop Tiefkuhl GmbH v. GN Trade, Inc., 2013 WL 3339046, at *5 (E.D. Cal. July 2, 2013). Defendant's failures to comply with this Court's Orders also presents real prejudice to the Plaintiff. The Ninth Circuit has held that the prejudice factor is related to the reason for the failure to comply. See Yourish, 191 F.3d at 991. Not only has Defendant failed to participate, since February 19, 2020, he has made no effort to explain his absence or lack of participation in this case. The prejudice standard is not overly stringent; for instance, the Ninth Circuit has held that failure "to produce documents as ordered is sufficient prejudice." In re PPA Litigation, 460 F.3d at 1227, citing Adriana Int'l Corp., 913 F.2d at 1412. In addition, the "law also presumes prejudice from unreasonable delay." Id., citing In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994) (further citation omitted).

With respect to the fifth factor, less drastic sanctions, the Ninth Circuit has held that the test "is not mechanical. It provides the district court with a way to

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES - Page 13

think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" Garvin v. Tran, 2010 WL 5244139, at *1 (N.D. Cal. Dec. 3, 2010), citing Connecticut General Life Ins. Co., supra. When the factors are considered in light of the totality of the circumstances in this case, Plaintiff's Motion for Terminating Sanctions should be granted. In addition, assuming *arguendo* that less drastic sanctions are available, the lack of participation by Defendant demonstrates that less drastic sanctions will not suffice. In Garvin, the court did not find an alternative sanction appropriate because the defendant was aware of the court's previous order and showed no inclination to comply with it. Garvin, 2010 WL 5244139 at *2. A similar situation exists herein. Not only is Defendant well aware of his obligations under this Court's Orders, Plaintiff took steps to facilitate Defendant's participation. Nonetheless, he has shown no inclination to comply.

The fourth factor, the policy favoring disposition on the merits, militates in favor of the Defendant; however, this factor alone is insufficient to overcome the others. Moreover:

> At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.

In re PPA Litigation, at 1228 (internal quotation omitted). Defendant's conduct has consistently impeded progress toward resolution.

## CONCLUSION

Defendant's inaction has unnecessarily impeded the resolution of this case without so much as an attempt at an explanation. As a result of Defendant's actions, Plaintiff has been hindered in the ability to prosecute its case such that the only viable remedy is terminating sanctions against Defendant.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that its Motion for Terminating Sanctions be granted, that the Court strike Defendant's Answer and enter Defendant's default, and that the Court award such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 18, 2021         LAW OFFICES OF THOMAS P. RILEY, P.C.
                             By: Thomas P. Riley
                             Attorneys for Plaintiff
                             Innovative Sports Management, Inc.,
                             d/b/a Integrated Sports Media

# PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 18, 2021, I caused to serve the following document entitled:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Edwin R. Inga (Defendant)
1905 S. Western Ave., Ste. 8
Los Angeles, CA 90018

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 18, 2021, at South Pasadena, California.

Dated: June 18, 2021

THOMAS P. RILEY