# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWIN INGA, <br><br> Defendant. | CV 19-02070 TJH (PLAx) <br><br><br> Order <br><br> [46] |

The Court has considered Plaintiff Innovative Sports Management, Inc.'s ["Innovative"] motion for terminating sanctions, together with the moving papers.

Innovative owned the exclusive United States commercial distribution rights to the *Peru v. Croatia, International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on March 23, 2018.

On March 20, 2019, Innovative filed this action against Defendant Edwin Inga, alleging that Inga, as "an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight, and management" of Tombo Loco Peruvian Restaurant, a restaurant in Los Angeles, California, displayed the Soccer Game at Tombo Loco without a license. Innovative

asserted claims for the unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; the unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; conversion; and violation of California's unfair competition law, Cal. Bus. and Prof. Code §§ 17200, *et seq*.

On February 8, 2021, the Court set the Final Pretrial Conference for June 7, 2021, with a warning that a party's failure to comply with the Court's Order regarding the preparation for the Final Pretrial Conference may result in sanctions. All pretrial documents, other than the joint proposed Final Pretrial Conference order, were due by May 17, 2021, pursuant to Local Rule 16.

Inga failed to file any pretrial documents and, according to Innovative, failed to cooperate in preparing a joint proposed Final Pretrial Conference Order. Consequently, on May 28, 2021, Innovative lodged a unilateral Proposed Final Pretrial Conference Order. Innovative, then, filed an *ex parte* application to continue the Final Pretrial Conference, and for leave to file a motion for terminating sanctions. The Court granted the application, and continued the Final Pretrial Conference. A date for the Final Pretrial Conference has not been set.

Innovative, now, moves for terminating sanctions.

As an initial matter, only willfulness, bad faith, or fault can justify terminating sanctions. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). Further, before imposing terminating sanctions, the Court must consider less severe sanctions. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988). That is, the Court must have previously: 1) Explicitly discussed why alternative sanctions would be inadequate; 2) Imposed a less severe sanction; or 3) Warned of the possibility of dismissal. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 132 (9th Cir. 1987).

The Court, here, has not imposed or considered a less severe sanction. Moreover, Innovative has not requested a sanction other than terminating sanctions. Consequently, terminating sanctions are not appropriate at this time. If Inga appears at the Final Pretrial Conference, the Court can, then, either impose a monetary sanction

for Inga's continued failure to cooperate in the production of a joint proposed Final Pretrial Conference Order, or warn him that he will be sanctioned if he does not immediately cooperate.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for terminating sanctions be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

Date: July 15, 2021

_____
Terry J. Hatter, Jr.
Senior United States District Judge